**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

LIA BRISSEY,

    Plaintiff,

v.

DEUTSCHE BANK NATIONAL TRUST
COMPANY; SELECT PORTFOLIO
SERVICING, INC.; BANK OF AMERICA
HOME LOANS; and ACCREDITED HOME
LENDERS, INC.,

    Defendants.

CIVIL ACTION NO.: 2:17-cv-28

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Court for review of Plaintiff's *pro se* Complaint and Motions to Proceed *in Forma Pauperis*. After review, the Court **DENIES** Plaintiff's Motions for Leave to Proceed *in Forma Pauperis*, (docs. 2, 5, 6). For the reasons which follow, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint, **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Plaintiff *in forma pauperis* status on appeal.

### **BACKGROUND**

Plaintiff filed her Complaint on March 6, 2017. (Doc. 1.) Plaintiff also filed a Motion for Leave to Proceed *in Forma Pauperis*. (Doc. 2.) The Court deferred ruling on Plaintiff's Motion and directed Plaintiff to file another Motion within fourteen (14) days of the Court's Order. (Doc. 4.) In response, Plaintiff filed two Motions for Leave to Proceed *in Forma Pauperis*. (Docs. 5, 6.)

In her Complaint, Plaintiff asserts she entered into a loan repayment and security agreement with Defendant Accredited Home Lenders in the amount of $247,500.00 on September 26, 2006, for real property located in Jesup, Georgia, by virtue of a power of sale contained in a security deed from Plaintiff to Mortgage Registration System. (Doc. 1, p. 4.) Plaintiff contends this security deed was last "sold, assigned and transferred to" Defendant Deutsche Bank Trust Company as trustee for Morgan Stanley Home Equity Loan Trust 2007-1. (Id.) Plaintiff contends "the defendant" acted in "an unfair, deceptive, and fraudulent manner" during the loan origination process and "imposed unfair and abusive loan terms" on her. (Id.) Additionally, Plaintiff contends Mortgage Registration System is a robo-signer with no firsthand knowledge of the contents of the assignment to Defendant Accredited Home Lenders. Plaintiff maintains Defendants Accredited Home Lenders and Deutsche Bank falsified information regarding Plaintiff's income in order to qualify Plaintiff for this loan, even though all of the financial records she submitted revealed the loan was too high for Plaintiff to pay. Plaintiff avers she has contacted Defendant Deutsche Bank over the past several years, but Defendant Deutsche Bank has "refused to help correct this fraudulent loan." (Id. at p. 5.) Instead, Plaintiff contends Defendants Select Portfolio Servicing and Deutsche Bank have continued to assess payments, fees, interest, and penalties against her.

Plaintiff also alleges Defendant Deutsche Bank's refusal to assist her is a violation of the Home Affordable Modification Program ("HAMP"), the purpose of which is to assist homeowners, such as Plaintiff, who are in default on their mortgages and at risk of default to avoid foreclosure. Plaintiff also alleges Defendant Deutsche Bank has made no effort to mitigate against its losses resulting from her default. Accordingly, Plaintiff asserts Defendant Deutsche Bank should be enjoined from pursuing foreclosure or authorizing another entity to pursue

foreclosure proceedings against her. (Id. at p. 6.) Plaintiff also requests that Defendant Deutsche Bank be enjoined from naming a substitute trustee. Plaintiff seeks summary judgment in her favor and damages in the amount of $400,000.00 for the pain and suffering Defendant Deutsche Bank has caused her.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii); Grayson v. Mayview State Hosp., 293 F.3d 103, 113 n.19 (3d Cir. 2002) (non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)"); Dutta-Roy v. Fain, No. 1:14-CV-280-TWT, 2014 WL 1795205, at *2 (N.D. Ga. May 5, 2014) (frivolity review of indigent non-prisoner plaintiff's complaint).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

**DISCUSSION**

**I.    Whether Plaintiff can Pursue a Cause of Action Pursuant to HAMP**

Congress authorized HAMP as part of the Emergency Economic Stabilization Act of 2008, ("EESA") see 12 U.S.C. § 5219a(a), which has the stated purpose of giving the Secretary of the Treasury the "authority and facilities" necessary "to restore liquidity and stability to the financial system of the United States[.]" 12 U.S.C. § 5201(1). The EESA "was not passed for the 'especial benefit' of struggling homeowners, even though they may benefit from HAMP's incentives to loan servicers." Miller v. Chase Home Fin., LLC, 677 F.3d 1113, 1116 (11th Cir. 2012). Under the EESA, the Secretary is charged with, *inter alia*, acting in a manner that "preserves homeownership and promotes jobs and economic growth[.]" 12 U.S.C. § 5201(2)(B). The Act provides for: oversight of the Secretary's actions by a "Financial Stability Oversight Board[;]" oversight of the Troubled Assets Relief Program[1] ("TARP") by the Comptroller General of the United States; and judicial review of the Secretary's actions, which are reviewable as a "final agency action for which there is no other adequate remedy in a court[.]" 5 U.S.C. § 704; 12 U.S.C. §§5214, 5226, & 5229(a)(1).

The Eleventh Circuit Court of Appeals has determined that HAMP does not provide for or create an express or implied private right of action against loan servicers. Nelson v. Bank of Am., N.A., 446 F. App'x 158, 159 (11th Cir. 2011) ("[N]othing express or implied in HAMP gives borrowers a private right of action."). The Eleventh Circuit noted "there is no discernible legislative intent to create a private right of action[,]" as Congress "gave the Secretary the right to initiate a cause of action, via the Administrative Procedures Act." Miller, 677 F.3d at 1116 (citing 12 U.S.C. § 5229(a)(1)). Additionally, the Eleventh Circuit noted that "providing a

---

[1] "Troubled assets" means "residential or commercial mortgages" that were "originated or issued on or before March 14, 2008, the purchase of which the Secretary determines promoted financial market stability[.]" 12 U.S.C. § 5202(9)(A).

5

private right of action against mortgage servicers contravenes the purpose of HAMP—to encourage servicers to modify loans—because it would likely chill servicer participation based on fear of exposure to litigation." Id. The Eleventh Circuit concluded that such actions of "'[c]ontract and real property law are traditionally the domain of state law.'" Id. (alteration in original) (quoting Fid. Fed. Sav. & Loan Ass'n v. de la Cuesta, 458 U.S. 141, 174 (1982)).

The only HAMP-related claim Plaintiff sets forth in her Complaint is that Defendant Deutsche Bank violated HAMP by refusing to assist her. (Doc. 1, pp. 5–6.) However, Plaintiff makes no assertion that she sought assistance through this program or that Defendant Deutsche Bank was under any obligation to provide assistance to her. See 12 U.S.C. §§ 5219a, 5219b(b), & 5226(2)(D) (implying that loan servicers' participation in HAMP is voluntary). Even if Defendant Deutsche Bank had an obligation to assist Plaintiff under HAMP, however, it is clear this Program does not provide for a private cause of action. Accordingly, the Court should **DISMISS** Plaintiff's putative claims against Defendant Deutsche Bank under HAMP.

The Court must now determine whether Plaintiff sets forth viable claims under Georgia law.

## II. Whether Plaintiff can Pursue her Fraud Claims

Plaintiff alleges Defendants Accredited Home Lenders and Deutsche Bank fraudulently issued a mortgage to her in 2006, despite knowledge that she could not afford to make the mortgage payments. (Doc. 1, p. 3.) Plaintiff filed her Complaint in 2017.

Under Georgia law, the statute of limitations for fraud claims is four years. O.C.G.A. § 9-3-31. The "true test to determine when the cause of action accrued is to ascertain the time when the plaintiff could first have maintained his action to a successful result." Behning v. BAC Home Loans Servicing L.P., No. 1:15-CV-04242-AT-RGV, 2016 WL 5339593, at *7 (N.D. Ga.

June 13, 2016), *report and recommendation adopted in part, rejected in part*, No. 1:15-CV-4242-AT, 2016 WL 5340549 (N.D. Ga. July 26, 2016) (citations and internal punctuation omitted). "In short, the statute of limitations begins to run when the plaintiff's cause of action becomes legally cognizable[.]" Id. (citation omitted). "Although claims of fraud generally have a four-year statute of limitations, the period of limitation may be tolled." Stone v. Bank of N.Y. Mellon, N.A., No. CIV.A. 1:11-CV-00081, 2014 WL 61480, at *9 (N.D. Ga. Jan. 8, 2014) (citing Anthony v. Am. Gen. Fin. Servs., Inc., 287 Ga. 448 (Ga. 2010) (citing O.C.G.A. § 9-3-31)). To establish fraud and to toll the statute of limitations, a plaintiff must prove that: "(1) the defendant committed actual fraud; (2) the fraud concealed the cause of action from the plaintiff; and (3) the plaintiff exercised reasonable diligence to discover his cause of action despite his failure to do so within the statute of limitation." Id. (citing Daniel v. Amicalola Elec. Membership Corp., 289 Ga. 437 (Ga. 2011)). For such a claim, the statute of limitations runs "only from the time of the plaintiff's discovery of the fraud." O.C.G.A. § 9-3-96.

Plaintiff states that Defendants Accredited Home Lenders and Deutsche Bank committed fraud in 2006 by falsifying her income to qualify her for a loan these Defendants knew she could not afford. The plain face of Plaintiff's Complaint reveals that this alleged fraud was not concealed from Plaintiff, and she could have discovered any defects in the documents she signed well before the statute of limitations expired in 2010.[2] Thus, the date Plaintiff signed the security deed and promissory note is the date when the statute of limitations period began to run. For Plaintiff's claims of fraud to have been timely, she would have had to file suit no later than November 2010. Because Plaintiff did not file her Complaint until March 2017, her fraud claims

---

[2] In fact, Plaintiff asserts that her mortgage loan was "set up for default (failure) by the lender *at the time of the origination* and the lender was complicit." (Doc. 1, p. 4 (emphasis supplied).)

7

were filed more than six years too late. Accordingly, the Court should **DISMISS** Plaintiff's fraud claims.

### III. Whether This Court can Provide Injunctive Relief

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" "citizens of different States." 28 U.S.C. § 1332(a)(1). "However, federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id.

At first blush, it appears that Plaintiff's desire to recover $400,000.00 in monetary damages satisfies the amount in controversy requirement of Section 1332 and that the parties have diversity of citizenship. However, even if this Court had jurisdiction to address the merits of this case, it should abstain from doing so under the Younger abstention rule. Younger v. Harris, 401 U.S. 37 (1971); 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003) ("Although Younger concerned state criminal proceedings, its principles are 'fully applicable to noncriminal judicial proceedings when important state interests are involved.'"). The Younger abstention doctrine reflects "a strong federal policy against federal[ ] court interference with pending state judicial proceedings absent extraordinary circumstances." Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982). "This 'settled law,' intended to preserve the independence of our concurrent judicial systems, requires 'sensitive consideration of ongoing proceedings in state courts' and 'that a federal court "tread lightly" when a state

proceeding is already underway.'" Stephens v. Sluss, No. CV407-089, 2007 WL 2106225, at *2–3 (S.D. Ga. Aug. 15, 2007) (quoting The News-Journal Corp. v. Foxman, 939 F.2d 1499, 1508 (11th Cir. 1991) (quoting Blalock v. United States, 844 F.2d 1546, 1549 (11th Cir. 1988)); see Adams v. Florida, 185 F. App'x 816, 817 (11th Cir. 2006) (affirming the dismissal of a 42 U.S.C. § 1983 complaint seeking to enjoin a civil contempt finding in child support enforcement case under the Younger doctrine).

Where "vital state interests" are involved, a federal court should abstain from hearing a case "unless state law clearly bars the interposition of the constitutional claim." Middlesex Cty., 457 U.S. at 432 (quoting Moore v. Sims, 442 U.S. 415, 426 (1979)). To determine whether Younger requires abstention in a given case, a federal court must ask three questions: "first, do the proceedings constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." 31 Foster Children, 329 F.3d at 1274 (quoting Middlesex Cty., 457 U.S. at 432). If the answer to all three questions is "yes," then a federal court must abstain from hearing a case in order to avoid interfering with the ongoing state-court proceedings.

It is unclear whether any Defendant has instituted foreclosure proceedings against Plaintiff in a Georgia court. However, regardless of whether foreclosure proceedings have been instituted against Plaintiff, "disputes over real property and disputes involving predatory practices against lay consumers implicate important state interests." Strickland v. Georgia, No. 1:13-CV-2188-RWS, 2014 WL 988869, at *2 (N.D. Ga. Mar. 12, 2014) (citing BFP v. Resolution Trust Corp., 511 U.S. 531, 565 (1994) ("[S]tability of title in real property may be said to be an 'important' state interest[.]"), and (Ohralik v. Ohio State Bar Ass'n, 436 U.S. 447,

460–62 (1978) ("[T]he State has a legitimate and indeed 'compelling' interest in preventing those aspects of solicitation that involve fraud, undue influence, intimidation, overreaching, and other forms of 'vexatious conduct[.]'")). Additionally, Plaintiff may raise her constitutional concerns before the Georgia Court of Appeals upon final determination of any state court action. Id. Consequently, abstention would be proper in this case. Moreover, Plaintiff has failed to state a timely viable cause of action that would support her request for injunctive relief. For all of these reasons, the Court should **DISMISS** Plaintiff's claims for injunctive relief.

## IV. Whether Plaintiff States a Claim Against Bank of America

The Court is mindful of its duty to view *pro se* pleadings liberally. However, Plaintiff's status as a *pro se* litigant cannot excuse her failure to abide by simple pleading requirements, i.e., Plaintiff must at least make factual allegations against a named Defendant. See Fed. R. Civ. P. 8. Moreover, "a pleading must contain enough facts that a reasonable expectation exists that discovery will reveal evidence of the necessary elements, and it is sufficient that the complaint identifies facts that are suggestive enough to render the necessary elements plausible." Gonzalez v. Asset Acceptance, LLC, 308 F. App'x 429, 430 (11th Cir. 2009) (citing Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295–96 (11th Cir. 2007)). While Plaintiff names Bank of America as a Defendant in this case, she fails to make any factual allegations against this entity. Accordingly, the Court should **DISMISS** Plaintiff's claims against Defendant Bank of America for her failure to state a claim upon which relief may be granted.[3]

---

[3] Plaintiff's request for the entry of summary judgment in her favor is premature and moot. Defendants have not been served with a copy of Plaintiff's Complaint. Thus, no discovery has been or will be had. "The law of this circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." Jones v. City of Columbus, 120 F.3d 248, 254 (11th Cir. 1997). Further, if the Court adopts this Report and Recommendation as the opinion of the Court, then Plaintiff's Complaint will be dismissed in its entirety. Consequently, the Court should **DISMISS** Plaintiff's request as both premature and moot.

## V. Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[4] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

---

[4] A certificate of appealability is not required in this civil action.

**CONCLUSION**

For the reasons set forth above, the Court **DENIES** Plaintiff's Motions for Leave to Proceed *in Forma Pauperis*, (docs. 2, 5, 6). For these same reasons, I **RECOMMEND** that the Court **DISMISS** Plaintiff's Complaint, **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Plaintiff leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation is to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 19th day of June, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA